**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Steven JAMES, Defendant–Appellant.**

No. 04–3194.

United States Court of Appeals,
Seventh Circuit.

Submitted March 8, 2005.

Decided March 10, 2005.

738

Timothy A. Bass, Office of the United States Attorney, Urbana Division, Urbana, IL, for Plaintiff–Appellee.

Vilija Bilaisis, Ludington, MI, for Defendant–Appellant.

Before FAIRCHILD, KANNE, and EVANS, Circuit Judges.

## ORDER

In January 2004 Steven James was charged with threatening to assault and murder a federal employee with the intent to impede her in the performance of her official duties. *See* 18 U.S.C. § 115(a)(1)(B). He pleaded guilty and was sentenced to 12 months of imprisonment and three years of supervised release. James filed a notice of appeal, but his appointed counsel is unable to find a non-frivolous issue for appeal and seeks to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Pursuant to Circuit Rule 51(b), James responded to his counsel's motion to withdraw. Because counsel's brief is facially adequate, we limit our review of the record to those potential issues identified in the brief and in James's response. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997). We agree with counsel that an appeal on the potential issues would be frivolous and therefore grant the motion to withdraw and dismiss James's appeal.

According to the government's statement at the plea hearing of the factual basis for the plea, in January 2003 James sent a letter to the FBI alleging that there was judicial corruption in Kankakee, Illinois. Special Agent Cathy Adams visited him to discuss the allegations. Several months later, James telephoned Adams and left her a threatening message. The government recited the message as follows: "If anybody F's with me, as in the City of Kankakee or anybody in the Government or anybody else, I am going to kill them." The government said that James repeated the same threat later in the message. Special Agent Adams called James back several times in hopes that he would retract the threat, but he did not. James told Adams that he had applied for a license to carry a gun and would be owning a gun in the next few weeks. James was ultimately indicted for making the threat, and he pleaded guilty.

The sentencing hearing in this case occurred after our decision in *United States v. Booker*, 375 F.3d 508, 511–12 (7th Cir. 2004), which held that if a judge finds additional facts at sentencing that were not admitted by the defendant or proven to a jury, and those facts serve to increase the sentencing range mandated by the United States Sentencing Guidelines, the resulting sentence violates the Sixth Amendment. Anticipating the Supreme Court's ultimate affirmance of *Booker* and remedial measure of declaring the guidelines to be advisory only, the district court decided to treat the guidelines as nonbinding and impose a sentence within the statutory maximum, *see* 18 U.S.C. § 115(b), taking into consideration the sentencing range recommended by the guidelines, the information contained in the presentence investigation report, and James's statement at sentencing. The court ordered James to serve 12 months of imprisonment, which was below the 18– to 24–month range recommended by the guidelines. The guideline range was based upon James receiving a base offense level of 12 points, U.S.S.G. § 2A6.1(a)(1), six more points because his conduct evidenced an intent to carry out the threat, U.S.S.G. § 2A6.1(b)(1), and a criminal history category of one. In ultimately setting the sentence below the recommended range at

12 months, the judge explained that he was persuaded by James's assurances that he does not intend to harm anyone and can follow rules. The judge said that he wanted to give James a chance to follow through on those promises.

■ Counsel first considers whether James could argue that his plea was not entered knowingly and voluntarily because the district court failed to comply with Federal Rule of Criminal Procedure 11. We have held that counsel should not raise a Rule 11 argument on appeal, or even explore it in an *Anders* submission, unless the defendant wants to have his plea set aside. *See United States v. Knox,* 287 F.3d 667, 671 (7th Cir.2001). Counsel has not indicated whether James has such a desire, *see United States v. Maeder,* 326 F.3d 892, 894 (7th Cir.2003), but concludes in any event that a challenge to the plea would be frivolous. Counsel correctly notes that because James did not move to withdraw his plea in the district court, we would review the court's decision to accept his plea only for plain error, *see United States v. Vonn,* 535 U.S. 55, 59, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002); *United States v. Gibson,* 356 F.3d 761, 765–66 (7th Cir. 2004), and that a court's substantial compliance with Rule 11 ensures that a guilty plea is knowing, intelligent, and voluntary, *see United States v. Schuh,* 289 F.3d 968, 975 (7th Cir.2002). Although counsel asserts that the court fully complied with Rule 11, we note one omission. The district court did not inform James that he could compel the attendance of witnesses if he were to proceed to trial. Fed. R.Crim.P. 11(b)(1)(E). But because substantial compliance with Rule 11 is sufficient to ensure the validity of the plea, *see Schuh,* 289 F.3d at 975, and because James likely became aware of this right when he was previously a defendant in a state criminal trial, we agree with counsel that a challenge to the plea based on this omission would be frivolous.

Counsel next considers whether James could raise a nonfrivolous challenge to his sentence. The district court announced its sentence under the presumption that the entire guidelines scheme was advisory. The judge explained that he had considered the guidelines and the information in the presentence investigation report and had also considered James's stated intention to be a law-abiding citizen. According to the Supreme Court's recent affirmance of our *Booker* decision, we would review that sentence for reasonableness. *See United States v. Booker,* —— U.S. ——, ——, 125 S.Ct. 738, 765, 160 L.Ed.2d 621 (2005). The Supreme Court explained that although it was excising the portion of the Sentencing Reform Act making the guidelines mandatory, *see* 18 U.S.C. § 3553(b), the remaining sections of the Act require the court to consider the range recommended by the guidelines and "permit[ ] the court to tailor the sentence in light of other statutory concerns as well," *see Booker,* —— U.S. at —— - ——, 125 S.Ct. at 756–57 (citing 18 U.S.C. § 3553(a)). Section 3553(a) of the Sentencing Reform Act advises judges to consider the need to protect the public from the defendant in the future, which the district court in this case did when it considered whether to trust James's assurances that he did not intend to hurt anyone and would follow the law in the future. In light of the judge's appropriate consideration of the guidelines and § 3553(a) of the Sentencing Reform Act, it would be frivolous for James to argue that his sentence was unreasonable.

■ James considers several additional arguments in his response. First, he points to several perceived weaknesses in the government's case against him. But this argument would go nowhere on appeal because James waived his right to litigate these issues when he pleaded guilty. *See United States v. Galbraith,* 200 F.3d 1006, 1010 (7th Cir.2000). Next he suggests

that his term of supervised release should be reduced from three years to one year and that he should no longer have to report for random drug testing as a condition of his release. But these arguments would be frivolous because James's term of supervised release is within the statutory maximum, *see* 18 U.S.C. § 3583(b)(2), and he failed to object to the drug testing condition and it would be frivolous to argue that the district court plainly erred in refusing to waive that condition given James's history of problems controlling his temper, *see* 18 U.S.C. § 3583(d); *United States v. Guy*, 174 F.3d 859, 861 (7th Cir. 1999). Lastly, James suggests that his attorneys provided him with ineffective assistance. But this claim would be better explored in a collateral attack where the evidence can be developed more fully and where James will no longer be represented by the counsel he claims was ineffective. *See United States v. Rezin*, 322 F.3d 443, 445 (7th Cir.2003).

We therefore GRANT counsel's motion to withdraw and DISMISS the appeal.