**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 14, 2005[*]
Decided November 15, 2005

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 05-1512

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 04-CR-160-1 |
| LORENZO EATON, *Defendant-Appellant.* | John W. Darrah, *Judge.* |

**O R D E R**

Lorenzo Eaton pleaded guilty to possessing a firearm after a felony conviction. *See* 18 U.S.C. § 922(g)(1). He was sentenced to 87 months' imprisonment and three years' supervised release. Eaton now appeals his sentence, arguing narrowly that the district court erred when it ordered him to submit to urine tests as a condition of his supervised release without specifying a particular number of tests. The district court left that decision to the probation officer who will supervise Eaton, but Eaton correctly recognizes that the court, not the probation officer, must determine the number of required drug tests. 18 U.S.C.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

§ 3583(d); *United States v. Bonanno,* 146 F.3d 502, 511 (7th Cir. 1998).  Eaton's failure to object to this condition at sentencing renders our review for plain error only, *see United States v. Guy,* 174 F.3d 859, 861 (7th Cir. 1999), but, as the government concedes, an inappropriate delegation of judicial authority to the probation office may constitute plain error, *United States v. Pandiello,* 184 F.3d 682, 688 (7th Cir. 1999).  The government thus joins Eaton in urging that the case be remanded, and we agree.  We REMAND with directions to the district court to modify the conditions of supervised release to specify the number of drug tests that Eaton must submit to during his supervised release.