# In the

# United States Court of Appeals

## For the Seventh Circuit

No. 07-4024

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

JOHN E. PAUL,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 07 CR 79—**Barbara B. Crabb**, *Chief Judge*.

ARGUED JUNE 2, 2008—DECIDED SEPTEMBER 8, 2008

Before EASTERBROOK, *Chief Judge*, and ROVNER and WOOD, *Circuit Judges*.

ROVNER, *Circuit Judge*.    The district court ordered defendant-appellant John E. Paul to serve a prison term of forty-six months and, upon completion of that term, to undergo frequent drug testing as a condition of his three-year period of supervised release. *See* 18 U.S.C. § 3563(a)(5). Paul appeals the order that he undergo drug testing, contending that because he has no history of drug abuse,

the court had no ground on which to impose this condition. We conclude that the court did not abuse its discretion in ordering the testing.

## I.

After Paul pleaded guilty to a charge of wire fraud, *see* 18 U.S.C. § 1343, the district court ordered the Probation Department to prepare a pre-sentence report ("PSR"). In discussing Paul's background, the PSR did not indicate that Paul had ever used narcotics illegally. However, the PSR's summary of his criminal history did report that he had three convictions for operating a motor vehicle while under the influence of alcohol, that the last of those offenses also involved flight from a police officer, bail jumping, and resisting arrest, and that he was on probation from that third conviction when he committed the instant offense. R. 23, PSR ¶¶ 47-49. It noted further that although Paul had been "compliant" with a 2004 substance abuse treatment program in which he participated by court order, he reportedly did not view himself as an alcoholic, did not attend Alcoholics Anonymous meetings, and did not otherwise make an effort to establish more sober habits. R. 23, Addendum to PSR ¶ 72. In describing the supervision plan to which Paul would be subjected upon release from his incarceration, the PSR noted that among other conditions, Paul would "be required to abstain from the use of alcohol and illegal drugs and participate in a program of substance abuse counseling and testing as directed" by the court. R. 23, PSR ¶ 94.

After hearing the parties' arguments as to an appropriate sentence, the court ordered Paul to serve a prison term

of forty-six months (in the middle of the range advised by the Sentencing Guidelines), to be followed by a three-year term of supervised release. The court also ordered Paul to undergo drug testing as a condition of that release:

> You are to abstain from the use of illegal drugs and alcohol and participate in substance abuse treatment. You shall submit to drug testing beginning within 15 days of your release, 60 drug tests annually thereafter. The probation office may utilize the Administrative Office of the United States Courts[´] Phased Collection Process.

R. 26 at 16; *see also* R. 15 at 3 ¶ 7. The phased collection process referenced in the court's order is a process by which a probation officer gradually decreases the number of drug tests administered to an individual as he establishes a record of sobriety. *See* Administrative Office of U.S. Courts, Probation and Pretrial Services Division, Monograph 109: "The Supervision of Federal Offenders," at IV-21 (revised Mar. 2007). After the court finished announcing the sentence, Paul's counsel questioned the drug-testing requirement:

PAUL'S COUNSEL: Okay. And last, one of the conditions of supervised release was drug testing. I don't see a history of drug use from Mr. Paul. I don't know if that's—

THE COURT: Well, he does have alcohol use.

PAUL'S COUNSEL: He does. But urine screens, I don't know if—I understood it

|                   | to be urine screens. I don't know if that would—I could understand counseling, but I don't know if a urine drop— |
|-------------------|---|
| THE COURT:        | And if his drug tests are all clear for a period of time, that's why there is the provision for the Phased Collection Process. |
| PAUL'S COUNSEL:   | Okay. Then that's all I have, Your Honor. |
| THE COURT:        | Okay. Court will recess. |

R. 26 at 19-20.

Paul's appeal repeats and expands upon the point his counsel made to the district court. Paul argues that in the absence of a history of illegal drug use, it is unreasonable for the court to require him to undergo testing for such drug use. He adds that the obligation to submit to sixty drug tests per annum imposes a greater restriction on his liberty than is necessary to verify his compliance with the directive that he abstain from illegal drug use.

## II.

We reject the government's threshold contention that we lack jurisdiction over this appeal because Paul waived any objection he might have had to the drug testing requirement. *See United States v. Jacques*, 345 F.3d 960, 962 (7th Cir. 2003) ("Waiver extinguishes any error and precludes appellate review."). The government reasons that

although Paul's counsel initially questioned the district court's decision to require drug testing, he ultimately posed no objection to this condition but rather assented to it by remarking, "Okay, . . . that's all I have" after the court explained that the phased collection process would allow for amelioration of the testing if Paul's initial tests were all clear. But waiver is the deliberate relinquishment of a known right, *United States v. Olano*, 507 U.S. 725, 733, 113 S. Ct. 1770, 1777 (1993) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S. Ct. 1019, 1023 (1938)), and we think it would be reading too much into a brief colloquy to characterize counsel's mere utterance of the word "okay" as a signal that Paul's counsel was deliberately abandoning any challenge to the testing. Nor is it dispositive that counsel did not conclude the colloquy by restating or renewing Paul's objection to the condition. Once a court has conclusively ruled on a matter, it is unnecessary for counsel to repeat his objection in order to preserve it for appeal; in the federal system, "[e]xceptions to rulings or orders of the court are unnecessary." Fed. R. Crim. P. 51(a); *see*, *e.g.*, *United States v. Ortiz*, 431 F.3d 1035, 1039 (7th Cir. 2005). A better argument might have been that because drug testing is one of the routine conditions of release identified in both the statute and sentencing guideline pertaining supervised release, 18 U.S.C. § 3563(a)(5); U.S.S.G. § 5D1.3(a)(4), and the prospect of testing was mentioned in the PSR, R. 23 PSR ¶ 94, Paul was on notice even before the court announced his sentence that he likely would be required to undergo some amount of drug testing, *see United States v. McKissic*, 428 F.3d 719, 725-26 (7th Cir. 2005), and that, consequently, he was obliged

to expressly object to the requirement at the sentencing hearing on pain of forfeiting all but plain error review if he did not. *See, e.g.*, *United States v. Ross*, 475 F.3d 871, 873 (7th Cir. 2007); *McKissic*, 428 F.3d at 721-22. But the government has not made that particular argument, and so we now take up the merits of Paul's objection.

We review the conditions a district court has imposed on a defendant's supervised release for abuse of discretion. *E.g.*, *United States v. Hook*, 471 F.3d 766, 770 (7th Cir. 2006), *cert. denied*, — U.S. —, 127 S. Ct. 2081 (2007). A court abuses its discretion when it resolves a matter in a way that no reasonable jurist would, or when its decision strikes us as fundamentally wrong, arbitrary, or fanciful. *Greviskes v. Universities Research Ass'n, Inc.*, 417 F.3d 752, 758 (7th Cir. 2005) (quoting *Maynard v. Nygren*, 372 F.3d 890, 893 (7th Cir. 2004)).

18 U.S.C. § 3583(d) identifies a number of mandatory conditions that a court "shall" impose on a defendant's supervised release along with a second set of discretionary conditions that a court "may" impose in appropriate circumstances. Drug testing is one of those conditions that a court must impose, although Congress has granted the district court discretion to exempt a defendant from complying with this particular condition when the court is convinced a defendant is unlikely to abuse a controlled substance. Section 3583(d) states, in relevant part:

> The court shall also order, as an explicit condition of supervised release, that the defendant refrain from any unlawful use of a controlled substance and submit to a drug test within 15 days of release on super-

vised release and at least 2 periodic drug test thereafter (as determined by the court) for use of a controlled substance. The condition stated in the preceding sentence may be ameliorated or suspended by the court as provided in section 3563(a)(4).

Although the statute cross-references section 3563(a)(4), that is a mistake, for the intended cross-reference obviously is to section 3563(a)(5), a parallel provision concerning mandatory drug testing as a condition of probation. *See United States v. Tulloch*, 380 F.3d 8, 12 n.4 (1st Cir. 2004) (per curiam); *United States v. Coatoam*, 245 F.3d 553, 556 n.2 (6th Cir. 2001) (coll. cases); *see also United States v. Guy*, 174 F.3d 859, 861 (7th Cir. 1999).[1] Section 3563(a)(5) provides that drug testing "may be ameliorated or suspended by the court for any individual defendant if the defendant's presentence report or other reliable sentencing information indicates a low risk of future substance abuse by the defendant[.]" A district court has broad discretion in deciding whether to exercise its authority to ameliorate or suspend this mandatory requirement. As we observed in *Guy*:

> This language is hortatory, rather than obligatory, and vests the district court with wide decisional latitude. If Congress wanted to grant low-risk defendants

---

[1] Supervised release functions similarly to probation, although the two are recognized and treated as distinct means of supervising individuals outside of the prison setting. *See* U.S.S.G. Ch. 7, Pt. A, intro. comment. (n.2) (2007); *Knight v. U.S.*, 73 F.3d 117, 119-20 & nn.5-6 (7th Cir. 1995).

automatic exemptions from drug testing, it could have written § 3563(a)(5) to read that the testing requirement "shall" or "must" be "ameliorated or suspended" if the defendant is a low risk for future substance abuse. It did not, however. . . .

174 F.3d at 861-62.

On the facts before us, we cannot say that the district court abused its broad discretion in declining to suspend or ameliorate the statutorily-mandated testing or in ordering Paul to submit to sixty drug tests per year. Paul has no history of drug abuse, but that alone does not demonstrate that the district court was compelled to suspend or ameliorate the testing. *See Guy*, 174 F.3d at 862 (upholding on plain error review a requirement that defendant with no history of drug use undergo up to 104 drug annual tests as a condition of supervised release); *cf. United States v. Jordan*, 485 F.3d 982, 985 (7th Cir.) (drug or alcohol treatment conditions are not necessarily reserved for those with extensive histories of drug or alcohol abuse), *cert. denied*, — U.S. —, 128 S. Ct. 312 (2007). Paul *does* have a history of alcohol abuse that resulted in three separate drunk driving convictions and an additional arrest for the same offense; he also has a gambling problem. R.23 PSR ¶¶ 47-49, 55, 63, 69, 70-73. Both of those factors are consistent with an addictive personality which might well lead him to the use of illegal drugs. The district court also viewed Paul's abuse of alcohol and his history of multiple alcohol-related crimes as evidence that Paul did not genuinely appreciate the gravity of his conduct, had not steered himself back onto a path of

obedience to the law, and was not "a person who [was] really safe at this point." R. 26 at 11; *id.* at 5-6, 13. A regime of drug screening will help to ensure that Paul does not trade one vice for another and that he remains on the path to rehabilitation. That screening will intrude upon Paul's privacy and liberty, but given the nature of supervised release, *United States v. Hook, supra*, 471 F.3d at 772, and the need to protect the public against future criminal conduct, 18 U.S.C. §§ 3553(a)(2)(C), 3583(c), we cannot say that the intrusion is unjustified. *See United States v. Sines*, 303 F.3d 793, 801 (7th Cir. 2002) (although a person on supervised release does not lose all of his constitutional rights, those rights "are not unfettered") (citing *United States v. Schave*, 186 F.3d 839, 844 (7th Cir. 1999)). Moreover, the phased collection process that the district court referenced in its order allows for the reduction of the testing over time as Paul demonstrates a pattern of sobriety. With Paul's cooperation, the testing therefore will not be as burdensome as it might otherwise seem on its face. *See Guy*, 174 F.3d at 862.

## III.

The district court did not abuse its discretion in requiring Paul to undergo drug testing as a condition of his supervised release. We therefore AFFIRM Paul's sentence.