NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted April 14, 2010*
Decided April 19, 2010

## Before

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD D. CUDAHY, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

| | |
|---|---|
| **No**. 09-2935 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | |
| **v.** | No. 95 CR 508-5 Harry D. Leinenweber, *Judge*. |
| WILLIAM EDWARDS, *Defendant-Appellant*. | |

## Order

William Edwards is serving a sentence of life imprisonment for his role in the Gangster Disciples, a drug-distribution organization. We affirmed his conviction and sentence in 2001. See 246 F.3d 1054 (7th Cir. 2001).

In 2008 Edwards asked the judge to reduce his sentence in light of the Sentencing Commission's decision to lower, with retroactive effect, the Guideline ranges for crack-cocaine offenses. See 18 U.S.C. §3582(c)(2). The district court concluded, however, that Edwards is ineligible. The statute authorizes a judge to reduce the sentence only if the retroactive change in the Guidelines reduced the Commission's recommended range.

---

* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

See generally *United States v. Cunningham*, 554 F.3d 703 (7th Cir. 2009); *United States v. Hall*, 582 F.3d 816 (7th Cir. 2009). The district court found when sentencing Edwards that his base offense is level 38, because his relevant conduct exceeded 150 kilograms of powder cocaine and 1.5 kilograms of crack. After the amendments to the Guidelines, it takes 4.5 kilograms of crack to support level 38; 1.5 kilograms leads to level 36. But the district judge concluded that, even under the revised Guidelines, Edwards's relevant conduct still produces a level 38 sentence. First, the judge observed that 150 kilograms of powder cocaine *by itself* leads to a level 38 classification. The amendments did not change the treatment of powder cocaine. Second, the judge stated that Edwards is responsible for much more than 4.5 kilograms of crack cocaine. The presentence report concluded that Edwards's organization distributed more than 1.5 kilograms of crack *per day* for many years. The only reason the figure 1.5 kilograms had been used earlier is that, until the recent amendments, 1.5 kilograms of crack put a drug offender in the highest possible base offense classification. Finally, the judge added, he would not reduce the sentence even if Edwards were eligible, given the severity of his criminal conduct.

Edwards contends on this appeal that he is entitled to a new hearing, and a fresh opportunity to present evidence, before the judge raises his relevant conduct from 1.5 to 4.5 kilograms of crack. It may well be that a district judge should hold a hearing before making a new finding of fact, but Edwards overlooks the point that at his original sentencing the judge approved the PSR's calculations. All the judge did in response to Edwards's motion for a lower sentence was to emphasize this agreement, not to make a new finding. The only reason why anyone mentioned the 1.5 kilogram figure at the time of the original sentence was that greater amounts had no effect on the base offense level. What is more, the district judge did not find Edwards culpable for "only" 1.5 kilograms of crack; the judge found that his relevant conduct included at least 150 kilograms of powder cocaine. This means that his base offense level is 38 without regard to the amount of crack for which he is responsible. The Sentencing Commission's decision to increase the quantity of crack needed to place a person in level 38 thus had no effect on Edwards's sentencing range, and because the retroactive change did not affect his range he is ineligible under §3582(c)(2), just as the district court concluded. See *United States v. Lawrence*, 535 F.3d 631, 637–38 (7th Cir. 2008).

To the extent that Edwards is contesting the calculation of his relevant conduct at his original sentencing, that subject is outside the scope of §3582(c)(2). The statute does not allow revival of an issue that could have been presented on the initial appeal. Eligibility for a reduction depends on how the retroactive amendment applies to Guidelines calculations already made.

Because Edwards is ineligible for any reduction, the issue before the the Supreme Court in *Dillon v. United States*, No. 09-6338 (argued Mar. 30, 2010), does not affect this appeal.

A<span>FFIRMED</span>