┌─────────────────────────────────────┐
**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1
└─────────────────────────────────────┘

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted April 5, 2010*
Decided April 13, 2010
AMENDED April 19, 2010

### Before

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD D. CUDAHY, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

| | |
|---|---|
| **No**. 09-2934 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | |
| **v.** | No. 95 CR 508-8 Harry D. Leinenweber, *Judge*. |
| DARRELL BRANCH, *Defendant-Appellant*. | |

### Order

Darrell Branch is serving a term of imprisonment for his involvement in the Gangster Disciples, a large scale drug-distribution organization. We affirmed his conviction in 2001, see 246 F.3d 1054 (7th Cir. 2001), but remanded for resentencing. Branch did not appeal from the 292-month sentence imposed in 2002 after our remand.

In 2008 Branch asked the judge to reduce his sentence in light of the Sentencing

---

* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

Commission's decision to reduce, with retroactive effect, the Guideline ranges for crack-cocaine offenses. See 18 U.S.C. §3582(c)(2). The district court concluded, however, that Branch is ineligible. The statute authorizes a judge to reduce the sentence only if the retroactive change in the Guidelines reduced the Commission's recommended range. See generally *United States v. Cunningham*, 554 F.3d 703 (7th Cir. 2009); *United States v. Hall*, 582 F.3d 816 (7th Cir. 2009). The district court found when sentencing Branch initially, and again on remand, that his offense is level 38, because his relevant conduct exceeded 150 kilograms of powder cocaine and 1.5 kilograms of crack. After the amendments to the Guidelines, it takes 4.5 kilograms of crack to support level 38; 1.5 kilograms leads to level 36. But the district judge concluded that, even under the revised Guidelines, Branch's relevant conduct still produces a level 38 sentence. First, the judge observed that 150 kilograms of powder cocaine *by itself* leads to a level 38 classification. The amendments did not change the treatment of powder cocaine. Second, the judge stated that Branch is responsible for much more than 4.5 kilograms of crack cocaine. The only reason the figure 1.5 kilograms had been used earlier is that, until the recent amendments, 1.5 kilograms of crack put a drug offender in the highest possible classification. Finally, the judge added, he would not reduce the sentence even if Branch were eligible, given the severity of his criminal conduct.

Branch contends on this appeal that he is entitled to a new hearing, and a fresh opportunity to present evidence, before the judge raises his relevant conduct from 1.5 kilograms to 4.5 kilograms of crack. He also contends that the record does not support the higher finding. But neither of these arguments addresses the fact that Branch's relevant conduct includes at least 150 kilograms of powder cocaine. The district judge did not find Branch culpable for 150 kilograms of powder *or* 1.5 kilograms of crack; the judge found that his relevant conduct included at least 150 kilograms of powder *and* 1.5 kilograms of crack. This means that his sentencing level is 38 without regard to the amount of crack for which he is responsible. The Sentencing Commission's decision to increase the quantity of crack needed to place a person in level 38 thus had no effect on Branch's sentencing range, and because the retroactive change did not affect his range he is ineligible under §3582(c)(2), just as the district court concluded. See *United States v. Lawrence*, 535 F.3d 631, 637–38 (7th Cir. 2008).

To the extent that Branch is contesting the calculation of his relevant conduct at his original sentencing, that subject is outside the scope of §3582(c)(2). The statute does not allow belated revival of an issue that could have been presented on the initial appeal (or, here, on an appeal from the 2002 resentencing). Eligibility for a reduction depends on how the retroactive amendment applies to Guidelines calculations already made.

Because Branch is ineligible for any reduction, the issue before the Supreme Court in *Dillon v. United States*, No. 09-6338 (argued Mar. 30, 2010), does not affect this appeal.

AFFIRMED