**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

-------------------

No. 12-1068

UNITED STATES OF AMERICA,

Appellee,

v.

NELSON DÁVILA-TAPIA,

Defendant, Appellant.

-------------------

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Aida M. Delgado-Colón, U.S. District Judge]

-------------------

Before

Lynch, Chief Judge,
Selya and Boudin, Circuit Judges.

-------------------

Steven A. Feldman and Feldman and Feldman on brief for appellant.
Rosa Emilia Rodriquez-Velez, United States Attorney, Nelson Pérez-Sosa, Assistant United States Attorney (Chief, Appellate Division), and Luke Cass, Assistant United States Attorney, on brief for appellee.

-------------------

July 16, 2012

-------------------

**Per Curiam.** Defendant-appellant Nelson Dávila-Tapia, a man in his mid-thirties, pleaded guilty to conspiring to possess with intent to distribute at least 100, but no more than 400, grams of heroin within 1,000 feet of an elementary school. See 21 U.S.C. §§ 841(a)(1), 846, 860. Following his plea, the district court sentenced him to serve eighty-four months in prison to be followed by eight years of supervised release. As one of the conditions of supervised release, the court ordered the appellant to submit to no more than 104 drug tests per year (the exact number to be prescribed from time to time by the probation department as long as at least three such tests were carried out during the supervised release term).

Before us, the appellant argues (i) that this condition involves an impermissible delegation of judicial authority and (ii) that authorizing an upper limit of 832 drug tests over the course of the term of supervised release (104 tests per year for eight years) was excessive and unreasonable. After careful consideration of this asseverational array, we reject the appeal.

The parties have briefed a threshold issue concerning whether a waiver-of-appeal provision contained in the appellant's plea agreement bars this appeal all together. Given what transpired in the district court, the resolution of this issue is not clear-cut. Conversely, the claim of sentencing error itself is easily dispatched. For ease in analysis, we therefore assume

arguendo that the waiver-of-appeal provision does not bar the maintenance of this appeal.

A sentencing court's shaping of a condition of supervised release is ordinarily reviewed for abuse of discretion. United States v. Padilla, 415 F.3d 211, 218 (1st Cir. 2005) (en banc). Where, however, the defendant has failed to object to the disputed condition in the court below, appellate review is for plain error. Id.; see Fed. R. Crim. P. 52(b). This is such a case.

Plain-error review "entails four showings: (1) that an error occurred (2) which was clear or obvious and which not only (3) affected the defendant's substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings." United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001) (citing Johnson v. United States, 520 U.S. 461, 466-67 (1997)). The defendant must carry the devoir of persuasion as to each element. Padilla, 415 F.3d at 218.

The appellant's principal argument is that the disputed condition, which allows a probation officer to require the administration of up to 104 drug tests per year, works an impermissible delegation of judicial authority. This argument has been squarely rejected: there is no delegation error where, as here, a district court requires up to 104 drug tests per year as a condition of a defendant's supervised release. See United States v. Morales-Rodríguez, 467 F.3d 1, 16 (1st Cir. 2006); United States

-3-

v. Laureano-Velez, 424 F.3d 38, 41 & n.4 (1st Cir. 2005) (per curiam).

The appellant's fallback position is that the disputed condition is excessive and unreasonable.  In his view, empowering the probation officer to arrange for up to 104 drug tests per year for eight years yields a potential number of drug tests that is so oppressive that the appellant would be virtually pre-ordained to violate his supervised release.  As authority for this proposition, he cites United States v. Guy, 174 F.3d 859 (7th Cir. 1999).

The opinion in Guy simply does not say what the appellant says that it says.  The Guy court explained that while authorizing 104 drug tests per year "might seem excessive" for an offender who had no prior history of drug abuse, imposing such a condition of supervised release was not plain error.  Id. at 862.

On the facts of this case, the holding in Guy helps, rather than hurts, the government.  If the imposition of such a supervised release condition is not plain error in the case of a defendant who has no prior record of drug abuse, then it hardly can be plain error in the case of a defendant who — like the appellant — has used heroin on a daily basis since the age of twenty-three, and regularly has used cocaine and marijuana as well.[1]

We add, moreover, that the appellant's fears may be less

---

[1] Despite the fact that the appellant underwent drug-rehabilitation treatment in 2008, an October 2010 drug test indicated the presence of heroin, cocaine, benzodiazepines, and marijuana in his system.

than horrible imaginings. Even though the maximum number of allowable drug tests is high, neither the conditions of supervised release nor their implementation is set in stone. Assuming that the appellant walks the straight and narrow during his term of supervised release, he is free to ask the probation officer to order a more modest number of tests (only a total of three over the entire duration of supervised release is required). Similarly, he is free to ask the district court to modify the disputed supervised release condition should it prove to be onerous. 18 U.S.C. § 3583(e)(2).

We need go no further. A sentencing court has significant discretion to custom-tailor the conditions of supervised release as long as those conditions are reasonably related to "(1) the defendant's offense, history and characteristics; (2) the need for adequate deterrence; and (3) the need to protect the public from further crimes of the defendant." United States v. Mansur-Ramos, 348 F.3d 29, 33 (1st Cir. 2003) (internal quotation marks omitted); see 18 U.S.C. §§ 3553(a)(2), 3583(d); USSG §5D1.3(b). This standard was satisfied in the case at hand. There was no error, plain or otherwise. See, e.g., United States v. Elwell, 984 F.2d 1289, 1298 (1st Cir. 1993) (holding that drug testing "lay well within the district court's discretion, given Elwell's past use and past dealing in drugs").

**Affirmed.**