NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 21, 2013[*]
Decided February 22, 2013

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 12-1409

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Western District of Wisconsin. |
| *v.* | No. 07-CR-68-C-01 |
| DION C. LAKE, | Barbara B. Crabb, |
| *Defendant-Appellant.* | *Judge.* |

## O R D E R

Dion Lake appeals the denial of his motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence based on retroactive changes to the crack cocaine sentencing guidelines. Because

---

[*]After examining the parties' briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

the district court neglected to find Lake's drug quantity, we vacate and remand for further proceedings.

Lake pleaded guilty to possession of crack cocaine with intent to distribute, 21 U.S.C. §§ 841(a)(1), 851. At sentencing, he was assigned a base offense level of 34, corresponding to a crack-cocaine quantity between 500 grams and 1.5 kilograms. The district judge arrived at this determination despite characterizing the probation office's estimate of 1.9 to 2.3 kilograms as "conservative" and "squarely" in the 1.5 to 4.5 kilogram range (corresponding to an offense level of 36); ultimately she concluded—while sustaining Lake's objection that the total drug quantity was imprecise—that there was "some give in the amount of drugs involved" and that an offense level of 34 "would better represent the amount of drugs attributable to [his] relevant conduct." After a 3-level reduction for acceptance of responsibility, Lake's adjusted offense level was 31, his criminal history category VI, and his guidelines range 188 to 235 months. The judge sentenced him to 188 months. We affirmed his sentence. *United States v. Lake*, 308 F. App'x 6, 11 (7th Cir. 2009).

In 2011 Lake filed a § 3582(c)(2) motion to reduce his sentence based on amendment 750 to the guidelines, which retroactively lowered the offense level for certain crack-cocaine offenses. U.S.S.G. App. C, Vol. III 391–98, 416-421 (2011). The judge denied the motion, stating that Lake "was held accountable for a drug quantity between 1.5 and 4.5 kilograms of cocaine base," and that under the amendment his offense level for this quantity would remain 34.

On appeal Lake argues that the district court misstated the drug-quantity range assigned at sentencing by holding him accountable for between 1.5 and 4.5 kilograms of crack cocaine, and not 500 grams and 1.5 kilograms. The court's drug-quantity finding, he continues, does not reflect whether a correctly calculated range would place him *either* in a new base offense level of 32 (if responsible for between 280 and 840 grams) *or* in the same level of 34 (if responsible for between 840 grams and 2.8 kilograms).

The government concedes this error but argues that it is harmless because the record does not support a drug-quantity finding below 840 grams, which would be necessary to reduce his base offense level to 32.

We do not think that this error is harmless because, as the district judge noted at sentencing, there is "some give in the amounts of drugs involved,"and thus we cannot foreclose the possibility that the record would support a drug-quantity finding below 840 grams. At sentencing the judge did not specify what amount of crack cocaine Lake was responsible for. In deciding Lake's § 3582(c)(2) motion, the judge should have resolved the

ambiguity from the sentencing hearing. *United States v. Hall,* 582 F.3d 816, 818–19 (7th Cir. 2009)*; see also United States v. Davis,* 682 F.3d 596, 615 (7th Cir. 2012); *United States v. Hall,* 600 F.3d 872, 876 (7th Cir. 2010); *United States v. Woods,* 581 F.3d 531, 538 (7th Cir. 2009); *United States v. Moore,* 582 F.3d 641, 644–45 (6th Cir. 2009).

Lake also maintains that it was unconstitutional for the district court to make any drug-quantity finding at sentencing because the amounts were neither found by a jury nor admitted in his plea. To the extent Lake seeks to challenge the drug quantity attributable to him for sentencing purposes, that issue is beyond the scope of a § 3582(c)(2) proceeding. *See Dillon v. United States,* 130 S. Ct. 2683, 2692–94 (2010); *Davis,* 682 F.3d at 610.

Accordingly, we **VACATE** the sentence and **REMAND** this case to the district court to clarify Lake's drug-quantity range and corresponding base-offense level under the retroactive amendments.