NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted April 27, 2015*
Decided April 30, 2015

Before

RICHARD D. CUDAHY, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

| | |
|---|---|
| No. 15-1157 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | |
| *v.* | No. 95 CR 508-5 |
| WILLIAM EDWARDS, *Defendant-Appellant*. | Harry D. Leinenweber, *Judge*. |

**Order**

William Edwards sought relief under Amendments 750 and 782 to the Sentencing Guidelines. Both of these amendments apply certain changes to the drug-quantity tables retroactively. See 18 U.S.C. §3582(c)(2). The district court denied the motion, ruling that Edwards is accountable for so much cocaine (more than 150 kilograms) that nei-

---

* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

ther change reduces his sentencing range. Without such a reduction §3582(c)(2) does not authorize a lower sentence.

Edwards's appeal contends that the district judge was not entitled to recalculate the quantity for which he is responsible; he insists that at his sentencing the judge found him accountable for only 1.5 kilograms of cocaine. He made the very same contention when seeking a reduction under an earlier retroactive change to the Guidelines. We rejected his argument then, *United States v. Edwards*, No. 09-2935 (7th Cir. Apr. 19, 2010) (nonprecedential disposition), and our analysis in that order demonstrates that the current appeal likewise is unavailing. Like the district judge, we concluded that at the original sentencing, the judge accepted the findings proposed in the presentence report, which concluded that Edwards is accountable for more than 4.5 kilograms of cocaine per week, over a period of many years. Given that finding, the revisions to the Guidelines do not affect his sentencing range.

AFFIRMED