21 F.3d 429
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Larry McBRIDE, Defendant-Appellant.
 No. 93-2002.
 United States Court of Appeals, Sixth Circuit.
 March 29, 1994.
 
 Before: KENNEDY and MILBURN, Circuit Judges; and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant Larry McBride challenges the sentence imposed by the district court following his guilty plea conviction to one count of conspiracy to possess phencyclidine with intent to distribute and to distribute phencyclidine in violation of 21 U.S.C. Sec. 841(a)(1). On appeal, the sole issue presented is whether the district court erred at sentencing when it did not give defendant credit for time served for the period of incarceration between his arrest and the time he was able to post bond, and credit for time served for the period of home confinement between the time defendant posted bond and the time he reported to the designated institution following his conviction and sentencing. For the reasons that follow, we affirm.
 
 I.
 
 2
 Defendant was arrested on November 3, 1992, pursuant to a criminal complaint charging him with distribution of phencyclidine ("PCP") and was temporarily detained without bond in the Wayne County, Michigan, jail. On November 5, 1992, a magistrate judge issued an order of detention.
 
 
 3
 Subsequently, defendant was indicted by a federal grand jury on November 17, 1992. Thereafter, defendant appealed the order of detention to the district court, which ordered defendant's release on bond on December 22, 1992. The conditions of the pretrial release were a $50,000 unsecured bond, home confinement at the residence of a third-party custodian, defendant's daughter, and electronic monitoring. Defendant posted bond and began home confinement on December 24, 1992.
 
 
 4
 On January 22, 1993, pursuant to a plea agreement under Federal Rule of Criminal Procedure 11, defendant pled guilty to the charge in count one of the indictment: conspiracy to possess PCP with intent to distribute and to distribute PCP in violation of 21 U.S.C. Sec. 841(a)(1). The other counts in the indictment were dismissed.
 
 
 5
 Defendant was sentenced on July 15, 1993. At sentencing, under the terms of the plea agreement and based upon a motion of the government for a downward departure under United States Sentencing Guidelines ("U.S.S.G.") Sec. 5K1.1, p.s., defendant was sentenced to 57 months' incarceration, to be followed by eight years of supervised release. At the sentencing hearing, defendant did not request that the district court make a determination as to whether he was entitled to credit for time served.[1] This timely appeal followed.
 
 II.
 
 6
 Defendant argues that he is entitled to credit for time served against his sentence of imprisonment for the period of time he was incarcerated following his arrest on November 3, 1992, and the time he was able to post bond and enter home confinement on December 24, 1992.[2] Defendant also argues that he is entitled to credit for time served against his sentence for the period of time he spent on home confinement from the time he posted bond on December 24, 1992, to the time when he reported to the designated facility to begin serving his sentence of incarceration on August 18, 1993. Further in his brief on appeal, defendant states that "[i]t is important to note that [he] does not dispute the sentence he received, nor any other aspect of the case other than what credit, if any, he should be entitled to." Appellant's Brief at 5.
 
 
 7
 In this case, contrary to defendant's assertions, the district court did not err in not determining whether or not defendant is entitled to credit for time served at sentencing. The Supreme Court has held that this is to be done by the Attorney General after defendant begins his custodial sentence, not by the district court at sentencing. See United States v. Wilson, 112 S.Ct. 1351 (1992). Title 18 U.S.C. Sec. 3585(b) states:
 
 
 8
 A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
 
 
 9
 (1) as a result of the offense for which the sentence was imposed; or
 
 
 10
 (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
 
 
 11
 that has not been credited against another sentence.
 
 In Wilson, the Supreme Court stated:
 
 12
 We do not accept [the defendant's] argument that Sec. 3585(b) authorizes a district court to award credit at sentencing. Section 3585(b) indicates that a defendant may receive credit against a sentence that "was imposed." It also specifies that the amount of the credit depends on the time that the defendant "has spent" in official detention "prior to the date the sentence commences." Congress' use of a verb tense is significant in construing statutes. By using these verbs in the past and present perfect tenses, Congress has indicated that computation of the credit must occur after the defendant begins his sentence. A district court, therefore, cannot apply Sec. 3585(b) at sentencing.
 
 
 13
 Wilson, 112 S.Ct. at 1354 (citations omitted). The Court continued:
 
 
 14
 We agree with the United States that the Attorney General must continue to compute the credit under Sec. 3585(b) as he did under the former [18 U.S.C.] Sec. 3568.... yet, even though Sec. 3585(b) no longer mentions the Attorney General, we do not see how he can avoid determining the amount of a defendant's jail-time credit.
 
 
 15
 After a District Court sentences a federal offender, the Attorney General, through the Bureau of Prisons, has the responsibility for administering the sentence.... To fulfill this duty, the Bureau of Prisons must know how much of the sentence the offender has left to serve. Because the offender has a right to certain jail-time credit under Sec. 3585(b), and because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant.
 
 
 16
 Crediting jail-time against federal sentences long has operated in this manner.... Federal regulations have afforded prisoners administrative review of the computation of their credits, see 28 CFR Secs. 542.10-542.16 (1990); ... and prisoners have been able to seek judicial review of these computations after exhausting their administrative remedies.
 
 
 17
 Id. at 1354-55.
 
 
 18
 Thus, the determination as to whether defendant was entitled to credit for the incarceration in the Wayne County Jail or for his pretrial home confinement is properly made by the Attorney General after a defendant begins serving his custodial sentence.
 
 III.
 
 19
 For the reasons stated, we AFFIRM the district court.
 
 
 
 [1]
 On August 30, 1993, defendant wrote a letter to the district court requesting that he be granted credit for time served while under the pre-trial release which required home confinement as part of his release on bond. The district court ordered the government to respond to defendant's claim. After the government filed a response, the district court issued an order on November 2, 1993, denying the request for credit for time served
 In its order, the district court treated defendant's letter as a pro se motion to correct sentence under 28 U.S.C. Sec. 2255. The district court concluded that defendant's motion was not properly before the district court because defendant had not exhausted his administrative remedies with the Attorney General before filing his motion for sentencing credit. Further, the district court found that defendant's home confinement was not "official detention" as defined in 18 U.S.C. Sec. 3585(b), and, therefore, that defendant would not be entitled to credit for time served for the period spent in home confinement.
 Defendant did not file a notice of appeal from the district court's order of November 2, 1993.
 
 
 [2]
 In its brief on appeal, the government states that:
 Defendant first seeks credit against his sentence for the time during which he was held in custody at Wayne County Jail in Detroit, Michigan, as a result of having been detained pending trial from November 3 to December 24, 1992. The government does not oppose this request for credit for time served and is informed by the Bureau of Prisons that defendant has already been credited 52 days against his sentence to account for this period of pretrial detention.
 Brief for the United States at 3 n. 2. No documentation showing that defendant has been given credit for this time served appears in the record.