NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0783n.06

**FILED**

*Jul 20, 2012*

LEONARD GREEN, Clerk

No. 10-4091

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE SOUTHERN DISTRICT OF |
| | ) | OHIO |
| MILTON THOMAS BORDERS, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

Before:  MARTIN and CLAY, Circuit Judges; HOOD, District Judge.[*]

BOYCE F. MARTIN, JR.  Milton Thomas Borders appeals the district court's judgment imposing a sentence of eighteen years' imprisonment following his guilty plea to possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B).

According to the presentence report, Borders ordered and received child pornography in the form of catalogs and two DVDs.  The material was clearly identified as containing images and video of child pornography.  United States Postal Inspection Service agents served a search warrant at Borders's house and recovered the two DVDs Borders had received and numerous other items not identified as containing unlawful images or video.  The presentence report reflects that Borders told the agents that he ordered pornography through the United States mail, looked at child and adult

---

[*] The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

pornography on the internet, and had an "attraction to young girls, as young as nine years old."

Borders's presentence report calculated his total offense level as twenty-four and his criminal history category as IV, resulting in an advisory sentencing guidelines range of seventy-seven to ninety-six months of imprisonment. The statutory term of imprisonment for possessing child pornography, however, was ten to twenty years. Because the maximum of the applicable guidelines range was less than the statutorily required minimum sentence, the report concluded that Borders's guidelines sentence was actually ten years. *See* USSG § 5G1.1(b). The district court, however, concluded that Borders presented a high risk of recidivism and was a danger to the community. The district court therefore sentenced Borders to eighteen years' imprisonment, to be followed by a lifetime of supervision. In his timely appeal, Borders argues that his prison sentence is substantively unreasonable and that three of the special conditions of his supervised release constitute an abuse of the district court's discretion. For the following reasons, we **VACATE** one of the special conditions to Borders's supervised release but **AFFIRM** the district court's judgment as to Borders's other claims.

**I.**

Borders argues that his eighteen-year sentence is substantively unreasonable because it fails to meet the requirement that the sentence imposed be sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a). His argument is based on two conclusions he draws from the fact that the statutory mandatory minimum sentence (ten years of imprisonment) exceeds the maximum of the otherwise applicable guidelines range (eight years of imprisonment): (1) ten years in prison is the sentence that is sufficient, but not greater than

necessary, to fulfill section 3553(a)'s sentencing goals; and (2) varying upward from the minimum sentence is substantively unreasonable because the two-year increase from eight to ten years is already more than sufficient to account for all of the relevant sentencing factors.

We review sentences imposed by the district court for reasonableness, which has both a procedural and a substantive component. *Gall v. United States*, 552 U.S. 38, 51 (2007). Procedural errors include instances where a sentencing court "fail[s] to calculate (or improperly calculat[es]) the Guidelines range, treat[s] the Guidelines as mandatory, fail[s] to consider the § 3553(a) factors, select[s] a sentence based on clearly erroneous facts, or fail[s] to adequately explain the chosen sentence." *Id*. "The essence of a substantive-reasonableness claim is whether the length of the sentence is 'greater than necessary' to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)." *United States v. Tristan-Madrigal*, 601 F.3d 629, 632–33 (6th Cir. 2010). "A sentence may be substantively unreasonable if the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *United States v. Vowell*, 516 F.3d 503, 510 (6th Cir. 2008) (alterations and internal quotation marks omitted). We review a sentencing determination for reasonableness under a deferential abuse-of-discretion standard. *United States v. Studabaker*, 578 F.3d 423, 430 (6th Cir. 2009).

Under the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), "a district court is required to consult the sentencing range under the Federal Sentencing Guidelines for advisory purposes only." *United States v. Ely*, 468 F.3d 399, 403 (6th Cir. 2006). "The range is . . . treated as just one of the numerous factors that a district court must consider when sentencing a

defendant, and the district court must also address the other factors provided for in section 3553(a)."

*Id.* (internal quotation marks omitted).

Here, the district court considered the nature and circumstances of the offense and Borders's history and characteristics. *See* § 3553(a)(1). The court cited the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence, provide rehabilitation, and avoid unwarranted sentencing disparities. § 3553(a). The district court determined that Borders presented a relatively high risk of recidivism and was a continuing danger to the community. The court based this conclusion on a detailed analysis of Borders's prior history and the reports of a psychologist who found that Borders's risk for ongoing inappropriate sexual behavior with children appeared to be relatively high.

Borders argues that the district court failed to sufficiently consider and weigh the circumstances of the offense and the offender, which are pertinent section 3553(a) factors. We have reviewed the district court's decision and are convinced that the district court gave those factors reasonable review. *See Vowell*, 516 F.3d at 510.

Borders claims that the district court placed an unreasonable emphasis on several letters he wrote while incarcerated to a thirteen-year-old girl who was a friend of his daughter. Borders's argument merely expresses disagreement with the district court's interpretation of the letters. The court's interpretation is a factual finding that must be accepted unless Borders shows that the interpretation is clearly erroneous. *See United States v. Cole*, 359 F.3d 420, 425 (6th Cir. 2004). "A finding is clearly erroneous where, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."

*United States v. Tolbert*, 668 F.3d 798, 800 (6th Cir. 2012).  After reviewing the letters—along with an accompanying report from a forensic and clinical psychologist and Borders's self-report—the district court found that Borders's correspondence with the thirteen-year-old girl was "inappropriate," contained sexual innuendos, and suggested "grooming," a behavior which the district court characterized as "a systematic and methodical process in which the sexual predator chooses a target."  The district court then found that this conduct contributed to Borders's risk of recidivism and his risk as a danger to the community.  The district court's factual conclusion was based on detailed findings by a licensed psychologist and offers a reasonable understanding of the letters.  Borders argues that the letters are better understood to be paternal in nature, but he has not shown that the district court's interpretation is clearly erroneous.

Borders also argues that it was unreasonable for the district court to consider for sentencing purposes the unproven allegations that he had engaged previously in sexual activity with a fifteen-year-old girl.  He contends that this was an impermissible factor upon which to base his sentence.  *See Vowell*, 516 F.3d at 510.  But "district judges in determining defendants' sentences may consider facts that they find under a preponderance-of-the-evidence standard."  *United States v. Klups*, 514 F.3d 532, 537 (6th Cir. 2008).  Because the district court could have found the allegations to be true by a preponderance of the evidence, and because Borders has not shown that this was a clearly erroneous factual finding, it was not error for the district court to consider this conduct for sentencing purposes.  *See id.*; *United States v. Mendez*, 498 F.3d 423, 426–27 (6th Cir. 2008).

Borders challenges the district court's conclusion that he presents a relatively high risk of recidivism. Given the facts detailed above, we find that this conclusion was reasonably supported by the record. Therefore, this finding is not erroneous.

Finally, Borders argues that his sentence is unreasonable because the district court did not explain why it selected a prison sentence of eighteen years, rather than some other number, and did not explain why eighteen years was the lowest sentence capable of effecting the purposes of § 3553(a). Sentencing "involves an exercise in judgment, not a mathematical proof." *United States v. Grossman*, 513 F.3d 592, 596 (6th Cir. 2008). For this reason, appellate courts must review for an abuse of discretion not merely the reasonableness of the sentence imposed by the district court, but also the district court's determination that there is a "legitimate correlation between the size of the variance and the reasons given for it." *Id.* Borders has not shown an abuse of discretion by the district court. The district court explained the sentence, including the court's decision to vary from the Guidelines, and based its sentencing decision on permissible factors. The district court did not commit error with respect to this issue. *United States v. Nixon*, 664 F.3d 624, 626 (6th Cir. 2011). "That an appellate court might have imposed a different sentence is not an appropriate basis for reversal." *Id.* Given the district court's findings regarding Borders's offense, his criminal history, and his risk of recidivism, the sentence imposed was not an abuse of discretion.

**II.**

In his second claim, Borders argues that three of the special conditions of his supervised release constitute an abuse of discretion by the district court because they are not reasonably related to his rehabilitation or the protection of the public. *See* 18 U.S.C. § 3583(d)(1). Further, he argues

that these conditions are not narrowly tailored and are much greater deprivations of his liberty than are reasonably necessary. *See* § 3583(d)(2).

Special conditions of supervised release must be reasonably related to the section 3553(a) sentencing factors, involve no greater deprivation of liberty than is reasonably necessary, and be consistent with any relevant Sentencing Commission policy statements. *United States v. Alexander*, 509 F.3d 253, 256 (6th Cir. 2007); *United States v. Carter*, 463 F.3d 526, 529 (6th Cir. 2006). We review the imposition of conditions of supervised release for an abuse of discretion. *Carter*, 463 F.3d at 528.

At the time of sentencing, Borders did not object to his supervised release conditions on the grounds now before us. Accordingly, the conditions will be reviewed for plain error. *See* Fed. R. Crim. P. 52(b); *Vonner*, 516 F.3d 382, 391–92 (6th Cir. 2008). This requires that Borders show "(1) error (2) that was obvious or clear, (3) that affected defendant's substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *Vonner*, 516 F.3d at 386 (internal quotation marks omitted). A "circuit split precludes a finding of plain error," *United States v. Williams*, 53 F.3d 769, 772 (6th Cir. 1995), as does a lack of leading case law on the specific issue. *See United States v. Amos*, 501 F.3d 524, 529 n.2 (6th Cir. 2007); *United States v. Flores*, 477 F.3d 431, 436 n.2 (6th Cir. 2007).

The first special condition challenged by Borders is that he "shall be prohibited from loitering where minors congregate, such as playgrounds, arcades, amusement parks, recreation parks, sporting events, shopping malls, swimming pools, etc." Comparable special conditions have been upheld both on plain error review and on the merits. *See United States v. Brogdon*, 503 F.3d 555, 558,

563–66 (6th Cir. 2007); *see also United States v. Wiedower*, 634 F.3d 490, 497–98 (8th Cir. 2011); *United States v. Taylor*, 338 F.3d 1280, 1286 (11th Cir. 2003); *United States v. Paul*, 274 F.3d 155, 165–67 (5th Cir. 2001). It was not plain error to impose this condition.

The next special condition challenged by Borders is that: "The defendant shall not possess or view pornography of any kind. The defendant shall not view, listen to, or possess anything sexually explicit or suggestive, including, but not limited to, books, videos, magazines, computer files, images, and internet sites." Borders does not challenge the prohibition on possessing or viewing pornography. He challenges only the second sentence of the condition.

The words "or suggestive" render that aspect of the special condition plain error. A prohibition on viewing, listening to, or possessing anything sexually suggestive would cover the Bible and other religious texts, and a huge quantity of literature, music, and other media, and would thus infringe on Borders's First Amendment rights to receive information, *Reno v. Am. Civil Liberties Union*, 521 U.S. 844, 874 (1997), and to freely exercise religion, *see Hudson v. Palmer*, 468 U.S. 517, 547 n.13 (1984). *Accord United States v. Lantz*, 443 F. App'x 135, 140–41 (6th Cir. 2011) ("Given the mass of literature and other media such a condition would encompass, the error was clear and obvious; it affects substantial First Amendment rights to receive information . . . and to freely exercise religion." (citation omitted)); *see also United States v. Kelly*, 625 F.3d 516, 521–22 (8th Cir. 2010); *United States v. Voelker*, 489 F.3d 139, 151 (3d Cir. 2007). Moreover, the restriction is so expansive that it does not seem to be tied to the purpose of the sentencing factors. Such a constitutionally overbroad special condition is plain error.

Finally, Borders challenges a third special condition. It states: "The defendant shall not utilize a computer unless for legal, outside employment or for an express class assignment in an accredited educational institution and with the approval of the probation officer." Several circuits have found internet bans to be unreasonably broad for defendants guilty of possessing or distributing child pornography, but not for "those who use the Internet to 'initiate or facilitate the victimization of children.'" *United States v. Love*, 593 F.3d 1, 12 (D.C. Cir. 2010) (noting that the First, Second, Seventh, Eighth, and Tenth Circuits have also found that an internet ban subject to approval by the probation office may impose a "greater deprivation of liberty than is reasonably necessary to deter illegal conduct and protect the public" (internal quotation marks omitted)); *see also United States v. Miller*, 594 F.3d 172, 186 (3d Cir. 2010); *United States v. Sofsky*, 287 F.3d 122, 126 (2d Cir. 2002). However, in *United States v. Brigham*, 569 F.3d 220, 232–35 (5th Cir. 2009), the Fifth Circuit upheld an absolute ban on all computer and internet use during the three-year term of supervised release for a defendant convicted of one count of receipt of child pornography. Brigham's offense conduct included "posting or displaying a significant number of images that met the statutory definition of child pornography on an internet web site . . . [and] maintain[ing] additional other images of child pornography on his personal computer." *Id.* at 233–34. In the unpublished decision of *United States v. Lantz*, our Circuit upheld a ban on computer ownership and on use of a computer with internet access "without the prior written approval of the probation department" for a defendant who was "not a mere possessor or distributor [but] had begun a sexually explicit online relationship with a 15-year-old boy via the Internet" and pled guilty to one count of transporting child pornography and one count of failing to register as a sex offender. 443 F. App'x

at 138, 142, 144. Because there is a circuit split and no binding precedent in our own Circuit, we cannot find that the imposition of the third special condition challenged by Borders is plain error.

### III.

Accordingly, the special condition prohibiting Borders's viewing, listening to, or possessing anything sexually explicit or suggestive is **VACATED**, but the district court's judgment is **AFFIRMED** as to Borders's other claims.