NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a1006n.06

No. 12-3887

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

Dec 02, 2013

DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA, )
)
    Plaintiff-Appellee, )
)
v. ) ON APPEAL FROM THE UNITED
) STATES DISTRICT COURT FOR
CHARLES FRAZIER, ) THE SOUTHERN DISTRICT OF
) OHIO
    Defendant-Appellant. )
)
                             OPINION

Before:  BOGGS and DONALD, Circuit Judges; STAMP, Senior District Judge.*

**Bernice B. Donald, Circuit Judge**.  Charles Frazier pleaded guilty to one count of receipt

of child pornography.  For this, he was sentenced to eighty-four months of imprisonment and a

lifetime of supervised release.  Consistent with our prior opinions, we agree that the special

condition of supervised release barring Frazier from viewing, possessing, or reading "sexually

suggestive" material is overbroad.  We also agree that the special condition ordering Frazier to

submit to drug treatment is unrelated to Frazier's personal characteristics or to the crime committed.

Accordingly we vacate those conditions.  We disagree with Frazier's other grounds for relief,

however, and affirm Frazier's sentence in all other respects.

<hr>

*The Honorable Frederick Pfarr Stamp, Jr., United States Senior District Judge for the
Northern District of West Virginia, sitting by designation.

## I. BACKGROUND

In 2009, FBI agents showed up on Charles Frazier's doorstep, asking him about images of child pornography that agents had accessed from a peer-to-peer ("P2P") user-account linked to Frazier's IP address. Cooperating fully, Frazier admitted that he had used the P2P network to download and view images of child pornography and to allow others to download similar images from his computer. Subsequent analysis of Frazier's computer revealed 65 images of child pornography, some involving pre-pubescent children and infants. Frazier pleaded guilty to one count of receipt of child pornography under 18 U.S.C. §§ 2252(a) and (b).

The Presentence Investigation Report ("PSR") assigned Frazier a criminal-history category of II, taking into account his prior Michigan conviction for accosting, molesting, or otherwise annoying a child for immoral purposes, and his Ohio conviction for importuning. It also assigned him an offense level of 30, which included enhancements for possessing material involving pre-pubescent children, distributing child pornography in exchange for something of value but not for pecuniary gain, and for the number of images involved, as well as a reduction for acceptance of responsibility. This resulted in an advisory Guidelines range of 108 to 135 months of imprisonment. The PSR also noted that Frazier did not use controlled substances and that he had only consumed alcohol three times in his life.

Prior to sentencing, Frazier submitted to an extensive psychosexual evaluation. Dr. Roush, the evaluating psychologist, testified that Frazier was likely to re-offend and that Frazier had not yet

learned ways to control his behavior. He recommended, among other things, that Frazier get inpatient treatment and that he not be allowed to contact minors.

Frazier did not object to the PSR at sentencing, but he sought a sentencing reduction under 18 U.S.C. § 3553(a) on grounds that he was the sole caretaker of his elderly grandmother, that he had immediately cooperated with the government, that he exhibited self-loathing behavior, and that Dr. Roush had recommended extensive treatment. The government filed a § 5K1.1 substantial-assistance motion for downward departure, which the court granted, because Frazier assisted with the investigation of other offenders. This reduced Frazier's offense level to 27, resulting in an advisory Guidelines range of 78 to 97 months. The government, however, expressed concern over additional departures because, unlike other child pornography offenders, Frazier had also been convicted of sexual offenses involving minors and had already been through a treatment program that did not work.

The court considered these § 3553(a) factors, noting that community safety and rehabilitation were "first among equals." The court reviewed, *inter alia*, Frazier's role as caretaker of his grandmother, his criminal history with no significant term of incarceration, his level of cooperation, the scale and severity of the offense, and his prior sex-offender treatment program. The court considered the psychological evaluations, but rejected portions of them because Frazier had lied about his history of interacting with children with the intent to engage them in any type of sexual activity. The court noted that it would have given a lower sentence if it felt that the dangers were minimal and the probability of successful rehabilitation outside of prison was high. However,

considering Frazier's danger to the community, the need for deterrence, and the fact that rehabilitation without incarceration did not "stick" before, the court believed that a higher sentence was warranted.

The court sentenced Frazier to 84 months' imprisonment. The court also imposed a lifetime of supervised release, with, *inter alia*, the following special conditions: 1) a prohibition against viewing, possessing, or reading "sexually suggestive" materials; 2) a prohibition against "loitering" at "sporting events," parks, or shopping malls; and 3) a requirement for drug treatment. Frazier claims on appeal that these terms of supervised release and his overall sentence are unreasonable. Frazier also raises related arguments in a supplemental pro se reply brief.

## II. ANALYSIS

### A. Special Conditions of Supervised Release

Frazier claims that three special conditions of supervised release are improper because they are overbroad and unrelated to the offense or offender. He concedes that he did not properly preserve the claims at sentencing, so we must review them for plain error only. *See* Fed. R. Crim. P. 52(b); *United States v. Blackwell*, 459 F.3d 739, 771 (6th Cir. 2006). To establish plain error, Frazier must show that 1) the court committed error, 2) that was obvious or clear, 3) that affected his substantial rights, and 4) that affected the fairness, integrity, or public reputation of judicial proceedings. *Id*.

A district court is permitted to impose special conditions of supervised release that it deems appropriate, provided that certain requirements are met. 18 U.S.C. § 3583(d). The conditions must be 1) procedurally reasonable, meaning the district court adequately explained its rationale for the special condition in open court, and 2) substantively reasonable, meaning the special condition is reasonably related to the sentencing factors from 18 U.S.C. § 3553(a)(1). 18 U.S.C. § 3582(d)(1); *United States v. Stepp*, 680 F.3d 651, 671 (6th Cir. 2012). These factors include the "nature and circumstances of the offense," the "history and characteristics of the defendant," deterrence, protecting the public from further crimes of the defendant, and providing the defendant with effective correctional treatment. *United States v. Carter*, 463 F.3d 526, 529 (6th Cir. 2006) (internal quotation marks omitted). Substantive reasonableness also requires that the condition "involve[] no greater deprivation of liberty than is necessary" to serve the purposes of deterrence, protecting the public, and providing correctional treatment. *Id.* (internal quotation marks omitted); *see also* 18 U.S.C. § 3583(d)(2). The district court did not specifically explain its rationale for the special conditions, but such failures are "deemed harmless error if the supporting reasons are evident on the overall record[.]" *United States v. Brogdon*, 503 F.3d 555, 564 (6th Cir. 2007) (internal quotations omitted).

### 1. Prohibition against "sexually suggestive" material

Frazier first objects to the following special condition of supervised release: "The defendant shall not possess or view pornography of any kind, adult or child. The defendant shall not view, listen to, or possess anything sexually explicit or suggestive, including, but not limited to, books,

videos, magazine, computer files, images, and internet sites." More specifically, he objects only to the portion of the condition that restricts him from viewing, possessing, or listening to anything "sexually suggestive." (Appellant Br. 8.)

The government concedes that the phrase "or suggestive" makes this condition overbroad, and we agree. We have repeatedly held that such conditions constitute plain error. *United States v. Zobel*, 696 F.3d 558, 577-78 (6th Cir. 2012); *United States v. Borders*, 489 F. App'x 858, 863 (6th Cir. 2012); *United States v. Lantz*, 443 F. App'x 135, 141 (6th Cir. 2011) (invalidating a ban on materials that allude to sexual activity). This condition would bar Frazier from "possessing or viewing anything containing a mere hint or suggestion of sex—an extremely wide prohibition that, in today's society, would extend to a host of both highbrow and mainstream literature, art, music, television programs, and movies." *Zobel*, 696 F.3d at 577.

Frazier asks us to remand for resentencing based on this error. This will not be necessary. As we have done before when faced with the same question, we vacate the portion of the term that prohibits Frazier from viewing, possessing, or listening to anything "sexually suggestive." *Id*. at 577-78; *Borders*, 489 F. App'x at 864.

**2. Prohibition against loitering at sporting events, parks, or shopping malls**

Frazier next challenges the condition that prohibits him "from loitering where minors congregate, such as playgrounds, arcades, amusement parks, recreation parks, sporting events, shopping malls, swimming pools, etc." (Appellant Br. 9.) He argues that this provision interferes

with his fundamental right of freedom of association,[1] that it is not reasonably related to the offense because his offense did not involve acting against persons, and that the provision is overbroad because a restriction against contact with minors would serve the intended purpose.

Although we must review restrictions on fundamental rights such as the freedom of association with "particular care," such restrictions are allowed if primarily designed to protect the public. *United States v. Hughes*, 964 F.2d 536, 542 (6th Cir. 1992). Therefore, we must carefully consider whether the condition is reasonably related to the sentencing factors, and no broader than necessary to achieve the aims of the sentencing factors. *See Carter*, 463 F.3d at 529. Frazier was convicted of child pornography offenses. While the offense did not involve direct contact with minors, the restriction is reasonably related to the offense. Moreover, it is plainly related to Frazier's history and characteristics. According to his criminal history and psychological evaluation, Frazier is at risk for recidivism and pedophilia. He has two prior convictions involving contact with minors, and he has unsuccessfully participated in a rehabilitation program. Loitering at sporting events, shopping malls, or parks would increase the likelihood of contact with minors and his risk to society. This condition is designed to protect the public, and it is reasonable in scope.

Moreover, we have affirmed similar loitering conditions imposed on those convicted of child pornography offenses, both on plain-error and abuse-of-discretion review. *See Borders*, 489 F.

---

[1]Frazier suggests that the loitering provision restricts him from going to sporting events, parks, or shopping malls at all. (Appellant Br. 9.) We note, however, that a loitering restriction is not a blanket ban against going to those venues.

App'x at 860, 863 (affirming an identical condition for a defendant convicted of child pornography); *Brogdon*, 503 F.3d at 558, 565-66 (affirming under abuse-of-discretion review a condition that defendant convicted of being a felon in possession of a firearm may "not loiter near schoolyards, playgrounds, swimming pools, arcades, theaters, or other places frequented by children" based on sex offenses from 12 years earlier); *see also Zobel*, 696 F.3d at 575 (affirming a nearly identical loitering provision for a defendant convicted of coercing a minor to engage in sexual activity). It was not plain error to impose this condition.

### 3. Drug treatment requirement

Finally, Frazier challenges the special condition of supervised release requiring him to submit to drug treatment. The judge imposed this condition orally, at sentencing, subjecting it to the recommendation of the probation officer, "if deemed necessary." (Appellant Br. 9-10.) The written judgment makes no mention of drug treatment,[2] but "[w]hen an oral sentence conflicts with the written sentence, the oral sentence controls." *United States v. Penson*, 526 F.3d 331, 334 (6th Cir. 2008) (internal quotations omitted).

The district court explained its rationale for drug treatment as follows:

---

[2]The written judgment includes a condition that Frazier submit to drug testing within 15 days of release and at least two times afterward. The drug testing requirement is a mandatory term of supervised release, under 18 U.S.C. § 3583(d) and U.S.S.G. § 5D1.3(a)(4), but it "may be ameliorated or suspended by the court for any individual defendant [with] a low risk of future drug abuse." We presume that Frazier does not challenge the testing requirement because he makes no mention of drug testing or a mandatory term.

> The Court is aware that Defendant has a minimal, if any, record of substance abuse. I think he's used alcohol three times in his life and he's never experimented with controlled substances. I simply feel the nature of the crime and the types of stresses which may – and I'm not in a position to explain what they are – but the type of stressors that may exacerbate his underlying condition require that drug testing and treatment be part of his supervision.

This explanation is enough to make the condition procedurally reasonable, but the substantive reasonableness of this reasoning is a different story.

To be substantively reasonable, a term must be "reasonably related" to either the nature of the offense, the history and characteristics of this defendant, or deterrence and protection of the public. *See Carter*, 463 F.3d at 529. Substance abuse and child pornography are not close enough in nature to be reasonably related to one another. Recently, for example, we vacated on plain-error review both the mandatory drug testing requirement and a special condition prohibiting the consumption of alcohol because they were not reasonably related to the defendant's offense of receiving child pornography and because the defendant had a "low risk of future substance abuse." *United States v. Inman*, 666 F.3d 1001, 1005 (6th Cir. 2012). Indeed, even a criminal history that is similar in nature to the condition might be too remote to be reasonably related. In *Carter*, for example, we vacated a condition requiring sex-offender treatment for a defendant convicted of being a felon in possession of a firearm. 463 F.3d at 533. While the defendant had a previous conviction for assault with intent to commit rape, the offense was over seventeen years old, and the more recent offense of stalking was not plainly sexual in nature. *Id*. at 530-33; *see also United States v. Thomas*, 212 F. App'x 483, 484, 486-87 (6th Cir. 2007) (vacating a condition imposing sex-offender

treatment for a defendant convicted of bank robbery who had a nineteen-year-old conviction for sexual battery).

Drug use or abuse has no relation to the offense of receipt of child pornography, nor to any other offense in the indictment. Frazier's criminal history and personal characteristics do not indicate a risk of drug use or substance abuse of any kind. As the district court noted, the record shows that Frazier has not even consumed alcohol more than three times in his life. The government argues that Frazier may have lied about this because he lied about other things. Even so, more frequent alcohol use would not indicate a risk of substance abuse.

The government, relying on the Seventh Circuit's case of *United States v. Paul*, 542 F.3d 596 (7th Cir. 2008), argues that the condition is warranted because Frazier has an addiction to underage pornography, and the term will prevent him from trading one addiction for another. In *Paul*, the court affirmed the statutorily mandated drug testing condition and a condition requiring 60 drug tests per year for a defendant convicted of wire fraud. *Id*. at 597, 600. Although the defendant in *Paul* had no history of drug abuse, he had been convicted of drunk driving and had a gambling addiction. *Id*. at 600. The court explained that the condition would help ensure that the defendant did not "trade one vice for another." *Id*. at 601. This may have been what the district court meant when it said that Frazier's "underlying condition" warranted drug treatment. Nevertheless, the present case is not similar to *Paul*. The defendant there had a history of substance abuse, evident from his drunk

driving condition. Frazier has no history of substance abuse, and we already have determined that such abuse has no relation to pornography. *See Inman*, 666 F.3d at 1005.

We vacate the drug treatment condition as plainly in error. *See Inman*, 666 F.3d at 1003-04, 1006-07 (vacating the drug testing provision for child pornography defendant under plain error review).

### 4. Other conditions

In his pro se supplemental brief, Frazier also challenges conditions restricting him from accessing social media and gaming sites as well as conditions imposing restitution. However, we can discern no condition of supervised release imposing restrictions on accessing social media or gaming sites. His internet usage is restricted only insofar as he is required to install monitoring software on any computer he uses, but this is not the same thing as restrictions on access. Additionally, the court did not impose restitution. We need not consider these claims.

### B. Reasonableness of Prison Sentence

We consider Frazier's reasonableness challenges to his prison sentence for abuse of discretion. *United States v. Brown*, 579 F.3d 672, 677 (6th Cir. 2009). Here, too, reasonableness has both procedural and substantive components. *Id*. A sentence is procedurally unreasonable if the court made a procedural error such as failing to properly calculate the Guidelines range. *Id*. Frazier raises two procedural claims, and both fail. First, he claims that the district court erred by

applying a five-level enhancement under U.S.S.G. § 2G2.2(b)(3)(B) for distributing child pornography for a thing of value but not for pecuniary gain. (Pro Se Br. 3-4.) Frazier waived this argument because he agreed that the enhancement applies. *See United States v. Kincaide*, 145 F.3d 771, 784 (6th Cir. 1998) (rejecting challenge to drug quantity calculation in PSR where the defendant agreed to the calculation, thus waiving the claim). Even if Frazier did not waive this argument, it was not plain error to apply the enhancement when Frazier joined a P2P network, allowing others to access files on his computer in exchange for access to files on their computers. Second, Frazier claims that the court erred by not awarding sentencing credit for time he spent on home arrest. (Pro Se Br. 6-15.) However, the "determination as to whether defendant was entitled to credit for . . . home confinement is properly made by the Attorney General after a defendant begins serving his custodial sentence." *United States v. McBride*, 21 F.3d 429, 1994 WL 108989, at *2-3 (6th Cir. 1994) (unpublished table opinion) (relying on *United States v. Wilson*, 503 U.S. 329 (1992)). The district court did not commit procedural error in calculating Frazier's prison sentence.

Frazier also claims that his prison sentence is substantively unreasonable. (Appellant Br. 11.) "A sentence is substantively unreasonable if the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Shaw*, 707 F.3d 666, 674 (6th Cir. 2013) (internal quotation marks omitted). The court must take into account the totality of the circumstances. *Gall v. United States*, 552 U.S. 38, 51 (2007). If the sentence falls within the

recommended Guidelines range, we apply a rebuttable presumption of substantive reasonableness.

*Shaw*, 707 F.3d at 674.

Frazier's 84-month sentence falls within the advisory Guideline range of 78 to 97 months, so it is presumptively reasonable. Frazier argues that the court should have given him a lesser sentence in light of the following factors: 1) Frazier's role as the sole caretaker of his elderly grandmother, 2) Frazier's lack of any history of significant incarceration, which indicates that any term of incarceration would have a deterrent effect, 3) Frazier's level of cooperation, which he contends warranted a more significant departure than the 10% reduction that he received, and 4) the fact that Frazier's offense involved only 65 images, none of which he had produced, which was a "lesser scale" than comparable offenders. (Appellant Br. 13-15.) In his pro se brief, Frazier reiterates the concern that the court did not adequately consider the burden on his elderly grandmother, who requires twenty-four-hour care and who does not have other relatives or money to provide for her needs. (Pro Se Br. 18-19.) He also re-emphasizes his claim that his sentence is disparate as compared to other offenders. (Pro Se Br. 15-17.) The court certainly considered all of these sentencing factors; the argument appears to be that the court gave the factors an unreasonably small amount of weight.

It is true that the court gave little weight to the issue of Frazier's elderly grandmother; rather, it concluded that it would be a wrong use of the court's discretion to make sympathy for the grandmother a predominate consideration in light of the public-safety concerns and the need to

remove Frazier from the community. Instead, it gave Frazier time to make arrangements for her before his prison sentence would begin. A defendant's family ties or responsibilities, though not ordinarily relevant, may be considered if the defendant's incarceration would cause a substantial, direct, and specific loss of essential caretaking to a family member, but a departure has to be weighed against the seriousness of the offense. U.S.S.G. § 5H1.6, cmt. 1; *see also* U.S.S.G., Ch. 5, Pt. H (noting that such disfavored factors may be considered to the extent they are present to an "unusual degree"). We do not review the refusal of the court to exercise its discretion to effect a permissive downward departure under § 5H1.6 unless the record shows that the court was not aware of its discretion. *United States v. Thompson*, Nos. 98-5938, 98-5988 1999 WL 970290, at *2 (6th Cir., Oct. 15, 1999). Here, the court was aware of its discretion and chose not to exercise it in light of the public-safety concern. *Cf. United States v. Bistline*, 665 F.3d 758, 767 (6th Cir. 2012) (downward departure for defendant's role in caretaking for ill wife was improper); *United States v. Christman*, 607 F.3d 1110, 1120 (6th Cir. 2010) (reversing a district court decision to mitigate a sentence based on the defendant's role as caretaker of an elderly relative because nursing home care was available though costly).

Frazier's arguments concerning his criminal history and the assistance he gave to the government have little merit. The court considered Frazier's two prior crimes involving incidents with minors, neither of which resulted in jail time. The primary significance of those prior crimes, however, was that they increased the public-safety concern because they were sex-related offenses. In combination with the psychological report showing that Frazier is a pedophile, this was a

reasonable conclusion. The court also considered Frazier's assistance, but gave a lesser departure than requested because, through no fault of Frazier's, the assistance did not result in any leads. This court has no authority to consider the extent of a substantial assistance departure. *United States v. Jones*, 417 F.3d 547, 551 (6th Cir. 2005).

Frazier's last argument is that the court did not properly consider the sentencing disparity between him and those responsible for a larger quantity of images, in light of the fact that he did not produce the images. He points to several cases where defendants responsible for more images received a lighter sentence. Under 18 U.S.C. § 3553(a)(6), a sentencing court is instructed to consider the need to avoid unwanted sentencing disparities among defendants with similar records. However, it is a national disparity, not a disparity between particular defendants that must be avoided. *United States v. Houston*, 529 F.3d 743, 752 (6th Cir. 2008). "[T]he Guidelines themselves represent the best indication of national sentencing practices." *Id.* Where the court properly calculated the Guidelines range, the court has necessarily taken steps to avoid a national disparity. *Id.* Here, the court considered a potential disparity, but determined that Frazier was different from other defendants because of his risk to the community. Frazier's arguments do not suggest that his sentence was disparate from defendants who presented similar risks to the community. Nor has he shown that his within-Guidelines sentence was improperly calculated. His sentence was not unreasonable.

### III. CONCLUSION

We VACATE the conditions of supervised release imposed on Frazier only insofar as they restrict him from viewing, possessing, or reading "sexually suggestive" material, and insofar as they require him to submit to drug treatment. We AFFIRM his sentence in all other respects.